# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:08-MC-91-RJC-DCK

| | |
|---|---|
| ANDREA DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SPONDIVITS ENTERPRISES, LLC, ) | |
| SPONDIVITS II, INC., SPONDIVITS III, ) | |
| INC., and GLENN GAGNE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on movant Strategic Outsourcing, Inc.'s "Motion To Quash Or Modify Subpoena" (Document No. 1) and "Brief In Support..."(Document No. 3), filed May 30, 2008. Plaintiff has not filed a response and the time to do so has not elapsed. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate. Having carefully considered the argument, the record, and the applicable authority, the undersigned will grant the pending motion.

Plaintiff served the movant, Strategic Outsourcing, Inc. ("SOI"), with a subpoena *duces tecum* on May 22, 2008 in an action filed in the Northern District of Georgia under Civil Action No. 1:07-CV-2774-HTW. Plaintiff seeks to conduct a deposition of, and inspect documents from, SOI - a provider of outsourced employment services based in Charlotte, North Carolina - on June 5, 2008. SOI subsequently filed a motion to quash or modify the subpoena arguing undue burden, privileged or other protected matter, and unreasonable time for compliance.

SOI's motion to quash or modify pursuant to Rule 45 of the Federal Rules of Civil Procedure

is proper and timely. Accordingly, the deposition and information sought for June 5, 2008 are unreasonably timed for compliance; Plaintiff is allowed until June 16, 2008 to respond to the motion to quash or modify, and SOI is allowed ten (10) days after the response to file a reply. Therefore, the Court's full consideration of the parties' dispute and a deposition and production of documents by June 5, 2008 is, at least procedurally, unreasonable. The undersigned expresses no opinion as to whether the subpoena subjects SOI to undue burden or requires disclosure of privileged or otherwise protected matter.

**IT IS, THEREFORE, ORDERED** that the "Motion To Quash Or Modify Subpoena" (Document No. 1) is **GRANTED**, without prejudice to the Plaintiff to re-file a subpoena in this matter that allows adequate time for the parties to fully brief their dispute regarding the proposed deposition and production of documents. The parties are required by the Local Rules for the Western District of North Carolina to confer and attempt in good faith to resolve areas of disagreement before seeking the intervention of the Court.

Signed: June 2, 2008

David C. Keesler
United States Magistrate Judge